UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br>2025 Guadalupe Street, Suite 260<br>Austin, Texas 78705<br><br>                              Plaintiff,<br>-against-<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>                              Defendant. | Civil Action No. 1:24-cv-1348 |

## COMPLAINT

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against defendant United States Department of Health and Human Services ("**HHS**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

## PARTIES

3. Plaintiff ICAN is a not-for-profit organization formed and existing under the laws of the state of Texas with its principal office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705. Plaintiff is in good standing with the Texas Secretary of State.

1

4.  Defendant HHS is an agency within the Executive Branch of the United States Government. HHS is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.  On February 23, 2024, Plaintiff sent a FOIA request to HHS seeking copies of the following records:

> All communications sent or received by Xavier Becerra from February 1, 2023 through the date of the search that contain the terms ("Advisory Committee on Immunization Practices" AND/OR ACIP) AND (vacanc*, nominat*, applica*, appoint*, AND/OR decision).
>
> * = Boolean search

(**Exhibit 1**.)

6.  Defendant HHS acknowledged Plaintiff's FOIA request on February 26, 2024 and the request was assigned 2024-00605-FOIA-OS. (**Exhibit 2**.)

7.  On April 10, 2024, Plaintiff requested an update on the status of the request. (**Exhibit 3**.)

8.  On April 11, 2024, HHS advised it would take an additional 18 months to process the request despite having completed the search for records. (**Exhibit 4**.)

9.  As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; or (iii) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges the previous paragraphs as if fully stated herein.

11. Defendant is in violation of FOIA.

12. Defendant was required to make a final determination on Plaintiff's request no later than twenty (20) business days from acknowledgement of the request. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

13. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

14. Plaintiff has no adequate remedy at law.

## COUNT II
## IMPROPER WITHHOLDING OF INFORMATION AND DATA
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

15. Plaintiff realleges the previous paragraphs as if fully stated herein.

16. Defendant HHS failed to establish that it adequately applied an exemption to the withheld information and data.

17. Defendant is in violation of FOIA.

## COUNT III
## ENTITLEMENT TO WAIVER OF SEARCH FEES

18. Plaintiff realleges the previous paragraphs as if fully stated herein.

19. Defendant is in violation of FOIA.

20. Plaintiff sought a waiver of fees. Defendant failed, within 20 days, to produce the requested records and otherwise failed to comply with the statutory requirements of 5 U.S.C. § 522 within the time limits set forth therein.

21. Plaintiff is entitled to a waiver of fees pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendant's current and continued delay in processing Plaintiff's FOIA Request is unlawful under FOIA;

b. Order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

c. Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

e. Maintain jurisdiction over this action until Defendant complies with FOIA and all orders of this Court;

f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

g. Grant Plaintiff a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(viii); and

h.  Grant Plaintiff such other relief as the Court deems just and proper.

Dated: May 8, 2024                                       SIRI & GLIMSTAD LLP

 */s/ Allison R. Lucas*
Allison R. Lucas, DC Bar No. MI0105
220 West Congress Street
2nd Floor
Detroit, MI 48226
Tel: (240) 732-6737
alucas@sirillp.com

Elizabeth A. Brehm, DC Bar No. NY0532
745 Fifth Ave
Suite 500
New York, New York 10151
Tel: (240) 732-6737
ebrehm@sirillp.com

5